IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Denise Crowe Kelly, | ) | Civil Action No.:8:12-cv-03095-MGL |
| Plaintiff, | ) | |
| vs. | ) | **ORDER AND OPINION** |
| Equifax, Inc., | ) | |
| Defendant. | ) | |

Before this court is Defendant Equifax Inc.'s Motion to Compel Discovery Responses (ECF No. 19), Plaintiff's Motion for Extension of Time to Respond to Requests for Admission or in the Alternative to Withdraw Admissions (ECF No. 20), and Plaintiff's Motion to Extend Time for Motion to Amend Complaint and Motion to Amend Complaint to Correctly Identify the Defendant. (ECF No. 21.) Plaintiff Denise Crowe Kelly ("Plaintiff") filed a response in opposition to Defendant's Motion to Compel Discovery Responses (ECF No. 22) indicating that responses have now been served and maintaining that an award of sanctions is not appropriate in this case. Defendant Equifax Inc. ("Defendant") responded in opposition to Plaintiff's motions (ECF No. 23) and filed a reply in support of its Motion to Compel Discovery Responses and efforts to recover its reasonable expenses and attorney's fees incurred in bringing the motion. (ECF No. 24.) Having considered the motions, responses and the record in this case, the court denies Defendant's Motion to Compel as moot, grants Plaintiff's Motion for Extension of Time to Respond to Requests for Admission or in the Alternative to Withdraw Admissions, and denies without prejudice Plaintiff's Motion to Extend Time for Motion to Amend Complaint and Motion to Amend Complaint to Correctly Identify the Defendant.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff brought this action on October 25, 2012, alleging that Defendant violated the Fair Credit Reporting Act,15 U.S.C. § 1681, *et seq.* ("FCRA") in the handling of her credit file. (ECF No. 1.) Defendant filed its motion to compel discovery responses on June 21, 2013, pursuant to Rule 37 of the Federal Rules of Civil Procedure and Rule 37.01 of the Local Rules of this District. (ECF No. 19.) In that motion, Defendant asserted that it served discovery requests, including requests for admission, to Plaintiff on April 25, 2013. (ECF No. 19 at 1.) Defendant demanded responses to Defendant's interrogatories and requests for production of documents by June 12, 2013, but did not receive responses. Thus, on June 21, 2013, Defendant filed its motion to compel[1] and purports to have done so within twenty-one days after the discovery responses were due as required by Local Rule 37.01(A). (ECF No. 19 at 2.) Defendant asks the court to deem all of Plaintiff's objections as waived and to instruct Plaintiff to provide full and complete responses without objections and also seeks its reasonable attorneys' fees and expenses associated with preparing the motion as provided by Federal Rule of Civil Procedure 37(a)(5)(A). Plaintiff filed a response on July 11, 2013, indicating that he served responses to the interrogatories and requests for production of documents on July 1, 2013. (ECF No. 22-1.) Defendant filed its reply in support of its motion on July 22, 2013, reiterating its request for reasonable expenses incurred in making the motion because Plaintiff did not provide the discovery until after the motion to compel was filed. (ECF No. 24 at 6.)

Additionally, on June 28, 2013, Plaintiff filed a motion for extension of time to

---

[1]As of the date of Defendant's motion, Plaintiff had yet to respond to the discovery requests.

respond to requests for admission or in the alternative, to withdraw admissions pursuant to Rule 36(b) of the Federal Rules of Civil Procedure, based on counsel's "unintentional" failure to timely respond to the requests due to various personal and work demands. (ECF No. 20.) Finally, Plaintiff seeks an extension of the deadline to file motions to amend pleadings and further moves for leave to amend her complaint to correctly identify the defendant in this case as Equifax Information Services, LLC. (ECF No. 21.) Defendant opposes both of Plaintiff's requests maintaining that: 1) Plaintiff continues to disregard deadlines imposed by the court and applicable rules; 2) Plaintiff has been on notice that Defendant was neither a consumer reporting agency subject to the FCRA nor a proper party in this case; and 3) Plaintiff has not cited or satisfied the test for withdrawing admissions nor has Plaintiff made an effort to demonstrate good cause to modify the scheduling order. (ECF No. 23.)

## ANALYSIS /DISCUSSION

I.     **Defendant's Motion to Compel**

A motion to compel must be timely filed. Pursuant to Local Rule 37.01(A), motions to compel discovery must be filed within twenty-one days after receipt of the discovery response to which the motion to compel is directed, or where no response has been received, within twenty-one days after the response was due. If counsel for the parties are actively engaged in attempts to resolve the discovery dispute, they can agree to extend the time to comply with the discovery requests to be confirmed in writing and in a manner otherwise consistent with the rule. The agreed upon extension automatically extends the deadline for the motion to compel by an equal amount of time. L.R. Civ. P. 37.01(A). Rule

33(b)(2) of the Federal Rules of Civil Procedure provides that a responding party must serve its answers and any objections to interrogatories within 30 days of being served with the interrogatories unless a shorter or longer time is stipulated to by the parties or ordered by the court. Rule 34 (b)(2) sets forth a similar 30 day period as to requests for production of documents. The court notes, however, that the Federal Rules would add three days to the time a party has to respond. Rule 6(d) states that "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d). As relevant here, the specified provisions of Rule 5 generally permit serving a document by mail, by electronic means, or by any other means authorized by the recipient. *See* Fed.R.Civ.P. 5(b)(2) (C), (E), (F). Accordingly, when a party makes service by mail, fax, e-mail, etc., three days are added to the time the served party has to respond. Defendant's motion indicates that discovery requests were served by email and by U.S. mail on April 25, 2013. (ECF Nos. 19-1, 19-2 & 19-3.) Therefore, Defendant had 33 days after service to respond—in this case until May 28, 2013.[2]

Plaintiff failed to respond to the discovery requests by the May 28, 2013 due date thus prompting Defendant's correspondence to Plaintiff's counsel of June 7, 2013, requesting that Plaintiff respond to the interrogatories and requests for production (noting that the requests for admissions were deemed admitted) by June 12, 2013, so that Defendant would not be forced to file a motion to compel. (ECF No. 19-3.) Plaintiff then

---

[2]Defendant Equifax appears to have calculated the due date for Plaintiff's discovery responses similarly as indicated in both Defendant's response (ECF No. 24 at 3-4) and in Defendant's letter to Plaintiff requesting a response to the discovery requests provided as an exhibit in support of its Motion to Compel. (ECF No. 19-3.)

-4-

indicated by e-mail correspondence that counsel would attempt to respond to the discovery requests by June 17, 2013. (ECF No. 19-4.) Plaintiff did not serve discovery requests by June 17, 2013. Based on the briefing in this case, it does not appear that the parties ever agreed upon an extension for Plaintiff to serve discovery responses. Defendant filed its motion to compel on June 21, 2013, and contends that it was timely filed on the last possible day allowed by Local Rule 37.01(A). (ECF No. 24 at 4.) The court respectfully disagrees. Apparently, Defendant allotted itself an extra three days—i.e., until June 21, 2013—to file the Motion to Compel. But, Rule 6(d) and its three-day extension apply to time periods "[w]hen a party may or must act within a specified time *after service*." Fed.R.Civ.P. 6(d) (emphasis added); *see, e.g.*, Fed.R.Civ.P. 12(a)(1)(A)(I) (requiring a defendant to serve an answer "within 21 days after being served with the summons and complaint"). Local Rule 37.01—which governs motions to compel discovery—requires that motions to compel discovery must be filed within twenty-one days after the response was due where no response was received. Here, where service of the discovery responses is simply not at issue, Rule 6(d) cannot be said to apply and there is no basis to extend the twenty-one day time limit for filing a motion to compel. Calculating twenty-one days after May 28, 2013, would mean the Motion to Compel was due to be filed with the court on June 18, 2013.

The court need not reach the merits of Defendant's motion to compel because it was untimely filed. *See Spencer Med. Assocs. v. Comm'r*, 155 F.3d 268, 273 (4th Cir.1998) ("At the outset we note that the mere untimeliness of SMA's motion supports the court's denial."); see, e.g., *Hitter v. Ozmint*, No. 2:06–1502–TLW–RSC, 2007 WL 680733,

at *2 n. 2 (D.S.C. March 1, 2007). Further, it appears that Defendant's requests, with the exception of its request for attorney's fees and costs associated with filing the motion, are moot because Plaintiff eventually filed answers to the interrogatories and requests for production without objection. Defendant has not moved to seek further responses to any of the discovery requests or questioned the sufficiency of the responses Accordingly, Defendant's Motion to Compel is denied as moot.

Under Federal Rule of Civil Procedure 37(a)(5), the court must not award reasonable expenses to the prevailing party when a motion to dismiss is denied if the other party's position was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(B). A legal position is "substantially justified" if there is a "genuine dispute" as to proper resolution or if "a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Decision Insights, Inc. v. Sentia Group, Inc.*, 311 Fed. App'x 586, 599 (4th Cir. 2009) (unpublished opinion)(citing *Pierce v. Underwood*, 487 U.S. 552, 565–66 n. 2 (1988)). Although the court has denied Defendant's motion as moot, a reasonable person could think the motion had a reasonable basis in law and fact. Therefore, the court declines to grant fees and expenses to either party associated with the motion at issue.

II.     **Plaintiff's Motion for Extension of Time to Respond to Requests for Admission or in the Alternative to Withdraw Admissions**

Plaintiff also moves pursuant to Rule 36(b) for permission to withdraw his admissions based on Plaintiff's failure to respond or in the alternative, asks the court for a longer period of time to respond pursuant to Rule 36(a)(3). (ECF No. 20.) Plaintiff's counsel indicates that the failure to respond was unintentional and the result of counsel's

busy work and personal schedule. Federal Rule of Civil Procedure 36 governs requests for admissions. It provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed.R.Civ.P. 36(a)(3). Under Rule 36(a)(3), the court may allow additional time to respond, or under Rule 36(b) the court may, on motion, "permit[ ] the admission to be withdrawn or amended."

Requests by parties for either leave to withdraw admissions or for an extension of time to respond to requests for admission are generally analyzed under the framework outlined in Fed.R.Civ.P. 36(b) under which "the court may permit withdrawal or amendment if it would promote presentation on the merits of the action, and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *See J & J Sports Prods., Inc. v. Mumford*, No. DKC 10-2967, 2012 WL 1409588, *3 (D. Md. Apr. 20, 2012). "It is, however, within the court's discretion to allow untimely answers to requests for admissions, when such an amendment of the admission will not prejudice the other party." *Donovan v. Porter*, 584 F.Supp. 202, 208 (D.Md. 1984). Allowing untimely answers in this case is appropriate because doing so would facilitate the resolution of the case on the merits and at the time the motion was filed, the parties were still engaged in the discovery process necessary to achieve case resolution. *See* Fed.R.Civ.P. 36(b). Defendant's requests for admissions to Plaintiff relate to the central issues in dispute in this case as it is currently postured and allowing Plaintiff's purported admissions to stand would thwart consideration of the case's merits. (ECF No. 20-1.) Further, Plaintiff asserts that the failure to respond was inadvertent and

unintentional.

Additionally, the court is not persuaded that Defendant would be prejudiced by the withdrawal of the admissions and defending this action on the merits. For purposes of Rule 36(b), prejudice results where a party faces difficulty in proving its case because of a "sudden need to obtain evidence required to prove the matter that had been admitted." *Metpath, Inc. v. Modern Medicine*, 934 F.2d 319 (4th Cir. 1991)(unpublished opinion); *see also Brook Village North Assocs. v. General Electric Co.*, 686 F.2d 66, 70 (1st Cir.1982) ("The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions.") In this case, although Defendant is reasonably concerned about "Plaintiff's past performance in discovery," this concern does not rise to level needed create the sort of prejudice contemplated by the rule. (ECF No. 23 at 13.)

Thus, the court concludes that Plaintiff's untimely consideration of Defendant's Requests for Admission was unintentional, and within its discretion, the court allows Plaintiff to withdraw her late admissions and to serve the late response with all due speed. The court believes that this resolution would promote the presentation of the merits of this action and would result in no prejudice to Defendant.

III. **Plaintiff's Motion to Extend Time for Motion to Amend Complaint and Motion to Amend Complaint to Correctly Identify the Defendant**

Finally, Plaintiff asks this court to extend the deadline for filing amended pleadings in order to allow Plaintiff to move to amend her complaint. (ECF No. 21.) In this same motion, Plaintiff also moves, pursuant to Rule 15(a)(2), for leave to amend her complaint

to correctly identify the defendant as she now understands that the appropriate entity for suit in this matter is Equifax Information Services, LLC, not Equifax, Inc., as has been previously alleged. (ECF No. 21 at 1.) Plaintiff acknowledges that the June 5, 2013, deadline set by the governing scheduling order in this case expired prior to the filing of the instant motion to amend which was filed nearly a month later on July 1, 2013. Plaintiff contends that allowing the amendments would not prejudice Defendant or affect any unexpired scheduling order deadlines.

Ordinarily, "the court should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a); *Davis v. Va. Commonwealth Univ.*, 180 F.3d 626, 628 (4th Cir.1999) (noting that the disposition to amend is within the sound discretion of the district court). A district court may deny a party's motion to amend if allowing the amendment would be futile. *See In re PEC Solutions, Inc. Sec. Litig.*, 418 F.3d 379, 391 (4th Cir. 2005) ("Leave to amend need not be given when amendment would be futile."). Here, however, Plaintiff seeks to amend the complaint after the deadline to do so provided by the scheduling order has passed. (ECF No. 17.) "[A]fter the deadlines provided by a scheduling order have passed, the good cause standard [of Rule 16] must be satisfied to justify leave to amend the pleadings." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). Rule 16(b) provides, in pertinent part, "[a] schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). Normally, "[g]ood cause under Rule 16(b) exists when evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline had passed." *Interstate Narrow Fabrics, Inc. v. Century USA, Inc.*, 218 F.R.D. 455, 460 (M.D.N.C.2003) (citation omitted); *see also Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986

...
...

F. Supp. 959, 980 (D.S.C. 1997)("Rule 16(b)'s 'good cause' standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.") Plaintiff simply has not addressed any of these important points in her brief motion (or explained why she did not move to "correctly identify the defendant" in a timely fashion), therefore the court concludes that Plaintiff has failed to show sufficient good cause to allow an amendment of the pleadings after the deadline in the scheduling order. Accordingly, the motion to amend is denied without prejudice.

## CONCLUSION

For the reasons set forth above, the court denies Defendant's Motion to Compel as Moot (ECF No. 19), grants Plaintiff's Motion for Extension of Time to Respond to Requests for Admission or in the Alternative to Withdraw Admissions (ECF No. 20), and denies Plaintiff's Motion to Extend Time for Motion to Amend Complaint and Motion to Amend Complaint to Correctly Identify the Defendant (ECF No. 21) without prejudice.

IT IS SO ORDERED.

s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
November 7, 2013